UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLAXTON STOCKS                                                      CIVIL ACTION

VERSUS                                                              NO. 14-686-JJB-RLB

PERFORMANCE CONTRACTORS, INC.

## ORDER

Before the court is Plaintiff's Motion to Compel Discovery Responses filed on April 28, 2015. (R. Doc. 14). The motion is opposed. (R. Doc. 15). For the following reasons, Plaintiffs' Motion to Compel is **GRANTED in part and DENIED in part.**

I.  Background

This is an employment discrimination and retaliation action brought by Claxton Stocks ("Plaintiff") against his employer Performance Contractors, Inc. ("Defendant" or "PCI"). (R. Doc. 1). Plaintiff alleges that after working for eight months at PCI, his co-worker Brent Breaux called him a racial epithet. Plaintiff alleges that he reported the incident and Breaux was fired. Plaintiff further alleges that he was assigned to work for Edward Dupuis, a PCI supervisor who Plaintiff alleges is the "uncle" of Breaux. Plaintiff claims that after being assigned to work for Dupuis he was fired within two weeks in retaliation for reporting Breaux. Plaintiff filed a discrimination and retaliation charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). (R. Doc. 1-1 at 1). Plaintiff alleges that ten months after he was fired, he reapplied to work at PCI, was hired as a welder, assigned against to work for Mr. Dupuis, and was fired the next day. Plaintiff filed a second retaliation charge with the EEOC. (R. Doc. 1-1 at 2).

Plaintiff received a right to sue letter from the EEOC dated August 4, 2014. (R. Doc. 1-1 at 3). On October 30, 2014, he filed the instant lawsuit.

Interrogatory No. 11 of Plaintiff's first set of discovery requests asks the following: "What familial relationship is PCI employee during 2008 to 2010, Edward Dupuis, to fellow PCI employee during some of that time, Brent Breaux." (R. Doc. 15 at 1). PCI responded "None." (R. Doc. 15 at 1). This interrogatory is not at issue.

On March 24, 2015, Plaintiff propounded his second set of discovery, which included the interrogatories and requests for production at issue. These discovery requests seek information regarding the familial relationship between Edward Dupuis and Brent Breaux, other supervisors to whom Dupuis may be related, and Breaux's personnel file and disciplinary requests. On April 23, 2015, PCI timely responded that it would not provide the requested information and raised several objections.

Plaintiff's counsel certifies that he has conferred in good faith with opposing counsel to resolve this discovery dispute before filing the instant motion. (R. Doc. 14 at 3-4). According to Defendant, this conference involved a brief e-mail exchange in which Plaintiff's counsel requested Defendant to provide information regarding the alleged familial relationship as sought in his second set of interrogatories, and defense counsel's response that PCI did not have any information to provide. (R. Doc. 15-2)

## II.   Law and Analysis

### A.   Legal Standards

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not without limits, however, and the court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery

3

requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Discovery Requests at Issue

#### 1. Familial Relationships of Edward Dupuis

Plaintiff's Interrogatory No. 21 and Request for Production No. 21 in his second set of discovery requests seeks information regarding the family members of Edward Dupuis, and PCI responded that it did not have any such information in its "possession":

> **INTERROGATORY NO. 21**:
> Please provide full names, addresses, and status (living or dead) for the following relations of Edward Dupuis: Parents, siblings, cousins, uncles, aunts, grandparents (maternal and paternal); and Edward Dupuis' current and past wives (maiden names also), their parents, their siblings, aunts, uncles, and grandparents (maternal and paternal).
>
> **RESPONSE TO INTERROGATORY NO. 21**:
> Defendant objects to this Interrogatory as vague and ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to the Interrogatory to the extent it seeks information the disclosure of which would unnecessarily violate the confidentiality and privacy interests of individuals not party to this litigation. Subject to these objections, and without waiving same, Defendant is not in possession of the information requested.
>
> **REQUEST FOR PRODUCTION NO. 21**:
> Please provide copies of all documents that describe the family trees and genealogical records that describe family relations of PCI employee, Edward Dupuis and of his wife and ex-wives.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:
> Defendant objects to this Request as vague and ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to the Request to the extent it seeks information the disclosure of which would unnecessarily violate the privacy interests of individuals not party to this litigation. Subject to these objections, and

without waiving same, Defendant is not in possession of the information requested.

(R. Doc. 14-2 at 1-3).

The information sought is relevant to Plaintiff's assertion in the Complaint that Dupuis and Breaux are related. Dupuis has stated, under oath, that to the best of his knowledge he is not, nor has he ever been, "related by blood or marriage to Mr. Brent Breaux." (R. Doc. 15-3 at 2).

PCI's response to Interrogatory No. 21 is sufficient because PCI states that it does not possess the information requested. Accordingly, PCI cannot provide the information requested.

PCI's response to Request for Production No. 21 is slightly problematic. PCI states that it is not in the "possession" of the information sought, but does not disclaim lacking "custody" or "control" of the information. In light of Dupuis' denial with regard to having any familial relationship with Breaux, however, the court finds PCI's response to be sufficient. Plaintiff can seek Dupuis' family trees and genealogical records, if any, directly from Dupuis through a Rule 45 subpoena.[1]

PCI need not provide any additional response to Interrogatory No. 21 and Request for Production No. 21.

### 2. Familial Relationships of Brent Breaux

Plaintiff's Interrogatory No. 22 in his second set of discovery requests asks whether Brent Breaux was related to any supervisory personnel at PCI while employed by PCI, and PCI responded that the information sought was overly broad and irrelevant:

**INTERROGATORY NO. 22**:
Is PCI aware of any familial relationship between Brent Breaux and any supervisory personnel at defendant PCI's while he was employed at PCI?

---

[1] The court is not now deciding whether any Rule 45 subpoena served upon Mr. Dupuis should be quashed based upon Mr. Dupuis' affidavit.

**RESPONSE TO INTERROGATORY NO. 22**:
Defendant objects to this Interrogatory as overly broad, irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

(R. Doc. 14-2 at 2).

The court overrules PCI's objections. The foregoing interrogatory is not overly broad, as it simply asks PCI to identify whether it has any knowledge regarding familial relationships between Breaux and supervisors at PCI while he was employed by PCI. The information sought is reasonably calculated to lead to the discovery of admissible evidence, as it may demonstrate that Breaux had a familial relationship to a supervisor other than Dupuis that has some bearing on why he was fired. That PCI previously denied that Breaux and Dupuis do not have a relationship is insufficient to render this interrogatory irrelevant or redundant.

Accordingly, PCI must respond to this interrogatory. If PCI does not have the information requested, it must say so in a supplemental response.

### 3. Personnel and Disciplinary Records of Edward Dupuis

Plaintiff's Request for Production No. 19 in his second set of discovery requests seeks production of Dupuis' personnel and disciplinary records, and PCI responded that the information sought was, among other things, irrelevant and would violate the confidentiality and privacy interests of non-parties:

**REQUEST FOR PRODUCTION NO. 19**:
Identify and produce all personnel and disciplinary records, including without limitation, unredacted social security number, applications for employment, documents concerning performance, discipline (including supporting or related documents), attendance records, criminal records (if any), documents concerning leaves of absence, qualifications, termination and training as well as all documents concerning compensation, including payroll records, of Edward Dupuis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:
Defendant objects to this Request as vague and ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to the Interrogatory to the extent it seeks information the disclosure of which would unnecessarily violate the confidentiality and privacy interests of individuals not party to this litigation as well as the proprietary interests of Defendant.

(R. Doc. 14-2 at 2-3). Personnel files are generally discoverable in Title VII litigation, as they could provide circumstantial evidence of pretext, such as revealing disparate treatment of co-workers who were guilty of infractions more serious than that of the plaintiff. *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991). Nevertheless, while Dupuis' personnel and disciplinary records might reveal information relevant to Dupuis' alleged involvement in the firing of Plaintiff and his familial relationships, the request broadly seeks irrelevant information, including Dupuis' employment applications, payroll records, attendance records, criminal records, and unredacted social security number. Plaintiff offers no convincing basis for the relevance of this information. There is nothing to indicate that Dupuis' job performance or qualifications would have any bearing on Plaintiff's claims in this case. Plaintiff's sole asserted basis for seeking this information is to establish whether Dupuis is Breaux's uncle or otherwise related to him. (R. Doc. 14-1 at 6-7).

The court will therefore limit the document request to any information contained in Dupuis' file pertaining to Plaintiff, including any information regarding Dupuis' involvement in the decision to discipline or fire Plaintiff. The court will also require Defendants to produce any information contained in the file bearing upon Dupuis' familial relationship with Breaux or any other current or former employee of PCI. Should any information be produced from Dupuis' personnel and disciplinary records pursuant to the foregoing limited scope, PCI may redact the following information prior to production: social security numbers, taxpayer-identification

numbers, dates of birth, the names of minors, financial-account numbers, and home addresses. The parties are reminded that any filing with the court, whether under seal or not, must redact the foregoing personal data identifiers as provided by rule or order.  *See* Fed. R. Civ. P. 5.2(a); LR 5.2; General Order No. 04-7.

### III.     Conclusion

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 35) is **GRANTED in part AND DENIED in part** in accordance with this Order.  The parties will bear their own expenses. **IT IS FURTHER ORDERED** that Defendant shall supplement its responses, as outlined in this Order, on or before **June 19, 2015**.

Signed in Baton Rouge, Louisiana, on June 5, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**